DECISION AND JUDGMENT ENTRY
Appellees have filed a motion to dismiss this appeal for the reason that it was not timely filed. Appellant has not filed a response to the motion.
In the court below, a trial to the bench resulted in a judgment for appellees which was entered on the court's journal on October 18, 1999. Fifteen days later, on November 2, 1999, appellant filed a motion for a new trial and served appellees with a copy of the motion. Civ.R. 59(B) states that a motion for a new trial must be served "not later than fourteen days after entry of the judgment." The trial court denied the motion for a new trial in a judgment entry which was entered on the court's journal on February 2, 2000. On March 1, 2000, appellant filed its notice of appeal from "the judgment (sic) of the Huron County Common Pleas Court General Division dated Oct. 18, 1999 and February 2, 2000 * * *."
A notice of appeal must be filed within the time limit provided in App.R. 4, which states:
 "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
 "(B) Exceptions. The following are exceptions to the appeal time period in division (A) of this rule.
"(1) * * *
 "(2) Civil or juvenile post-judgment motion. In a civil case or a juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c)of the Ohio Rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
Thus, a timely filed motion for a new trial will stay the running of the time to file a notice of appeal from a final judgment after a trial. However, the motion for a new trial was not timely filed in this case and therefore the notice of appeal filed on March 1, 2000 was not timely as to the trial court's October 18, 1999 judgment.
As to the February 2, 2000 judgment which denied appellant's motion for a new trial, we find that the denial of a motion for a new trial is not a final appealable order in and of itself, but is only appealable in connection with an appeal from the final judgment after trial. R.C. 2505.02 states:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
"* * *."
Therefore, while the notice of appeal is timely as to the February 2, 2000 order, that order is not independently appealable.
The motion to dismiss is granted and this appeal is ordered dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.